WILKE FLEURY LLP
WILLIAM A. GOULD, JR. (SBN 35446)
wgould@wilkefleury.com
MATTHEW W. POWELL (SBN 114563)
mpowell@wilkefleury.com
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
AARON R. CLAXTON (SBN 314822)
aclaxton@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Plaintiffs James Van Dyke, in his individual capacity, and James Van Dyke and Connie Jerome as the Trustees of the Van Dyke's Rice Dryer Profit Sharing Plan

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROBERT SCOTT BARNACK,<br><br>    Debtor.<br><br>CONNIE JEROME, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT SCOTT BARNACK, an Individual,<br><br>    Defendant. | Case No. 2:19-cv-00073-MCE-DB<br><br>BK. Case No. 18-25167<br>Adv. Proceeding No. 18-02153<br><br>**STIPULATED FINAL JUDGMENT AND ORDER**<br><br>Courtroom: 7<br>Judge: Morrison C. England Jr. |

2474619.2

-1-
STIPULATED FINAL JUDGMENT AND ORDER

Plaintiffs James Van Dyke, in his individual capacity, and James Van Dyke and Connie Jerome as Trustees for the Van Dyke Rice Dryer Profit Sharing Plan (collectively "Plaintiffs") commenced this civil action against Defendant Robert Scott Barnack ("Defendant"), on September 21, 2018, to obtain damages, attorney's fees and a determination that the debt owed by Defendant is not dischargeable in Bankruptcy. Plaintiffs' complaint in the adversary proceeding alleges violations of ERISA (29 U.S.C §§1000 et seq.), violations of the Federal Securities Laws (15 U.S.C §78J; 17 C.F.R. §240.10e-5), financial elder abuse (Welf. & Inst. Code §§15600 et seq.) and common law claims for conversion, breach of fiduciary duty, fraud and restitution. The complaint also seeks a judicial determination that Defendant's debts are excepted from discharge pursuant to Section 523 of the Bankruptcy Code. 11 U.S.C. §§523 (a) (2), (4) and (8). Plaintiffs and Defendants, by and through counsel, request that the Court enter this Stipulated Final Judgment and Order ("Judgment").

## FINDINGS

1. On or about September 18, 2018, Plaintiffs filed a complaint in the United States District Court for the Eastern District of California titled *James Van Dyke et al. v. Balance Point Retirement Analytics, LLC* (Case No. 2:18-CV-02531-MCE-DB).

2. On or about September 21, 2018, Plaintiffs filed a complaint in the adversary proceeding entitled *James Van Dyke, et al. v. Robert Scott Barnack* (Case No. 18-02153). On or about April 26, 2019. the United States District Court withdrew the reference of the adversary proceeding and the action was assigned to the Hon. Morrison C. England and titled *Connie Jerome, et al. v. Robert Scott Barnack* (Case No. 2:19-CV-00073-MCE-DB).

3. The parties have agreed that judgments shall be entered in both actions in accordance with the terms negotiated between the Parties.

4. The Court has jurisdiction over the parties and the subject matter of this action.

5. All parties agree to entry of this Judgment, without adjudication of any issue of fact or law, to settle and resolve all matters in this dispute arising from the conduct alleged in the complaint.

6. Defendant neither admits nor denies any allegation in the complaint, except as stated in this Judgment. For purposes of this Judgment, Defendant admits the facts necessary to establish the Court's jurisdiction over him and the subject matter of this action.

7. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Judgment.

8. Each party will bear its own costs and expenses, including without limitation, attorney's fees.

## ORDER TO PAY REDRESS

**IT IS FURTHER ORDERED** that:

9. Plaintiffs shall have judgment against Defendant in the amount of two million, five hundred thousand dollars ($2,500,000) for purposes of providing redress to James Van Dyke, the Estate of Donna Van Dyke, Hayden Reinthaler, Connie Jerome and the Van Dyke Rice Dryer Profit Sharing Plan. The $2.5 million will be paid in accordance with the payment schedule described in subparagraphs a through c of this paragraph.

   a. Defendant made an initial payment of two hundred thousand dollars ($200,000) with two cashier's checks made payable to James Van Dyke on Wednesday, September 23, 2019. The cashier's checks totaling $200,000 were deposited in the Wilke Fleury LLP Trust Account and will not be disbursed until the United States District Court enters judgments in both civil actions.

   b. Defendant will make a second payment of one hundred thousand dollars ($100,000) on or before Monday, November 25, 2019. The $100,000 shall be paid by cashier's check made payable to the Van Dyke Rice Dryer Profit Sharing Plan and the Wilke Fleury LLP Trust Account. Alternatively, Defendant can wire $100,000 to the Wilke Fleury LLP Trust Account on or before Monday, November 25, 2019.

   c. Defendant will pay the remaining two million, two hundred thousand dollars ($2,200,000) in equal quarterly installment payments of one hundred thousand dollars ($100,000) on or before the end of each calendar quarter beginning with a quarterly payment of $100,000 on or before March 31, 2020, followed by a second quarterly payment of $100,000 on or before June 30, 2020, a third quarterly payment of $100,000 on or before September 30, 2020, a fourth quarterly payment of $100,000 on or before December 31, 2020, and continuing until the remaining $2,200,000 is paid in full. The quarterly payments of $100,000 may be wired to the Wilke Fleury LLP Trust Account or checks made payable to

the Van Dyke Rice Dryer Profit Sharing Plan may be delivered to Wilke Fleury LLP.

10. If Defendant fails to make the $100,000 payment due on or before November 25, 2019 or any of the quarterly installment payments of $100,000 by the end of each calendar quarter thereafter within ten (10) business days of the dates the payments are due, the entire amount that remains to be paid to satisfy the Judgment will become due and payable, Plaintiffs can immediately institute proceedings to enforce the Judgment.

11. The payment of the entire $2.5 million will satisfy the this Judgment, as well as the judgment entered in the action entitled *James Van Dyke et al. v. Balance Point Retirement Analytics, LLC* (Case No. 2:18-CV-02531-MCE-DB).

## JUDGMENT NOT DISCHARGEABLE

This Court expressly finds that this Judgment for $2.5 million reflects the resolution of claims which are not dischargeable in a Bankruptcy proceeding pursuant to Section 523 of the Bankruptcy Code. Accordingly, this Judgment is non-dischargeable pursuant to Section 523 of the Bankruptcy Code.

## RETENTION OF JURISDICTION

This Court will retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Judgment.

**SO STIPULATED:**

Dated: October 7, 2019

                                                            /s/ Matthew W. Powell
                                                            Matthew W. Powell
                                                            Attorneys for Plaintiffs

Dated: October 7, 2019

                                                            /s/ Julia M. Young
                                                            Julia M. Young
                                                            Attorneys for Defendant

**ORDER**

The Parties hereto having filed a "Stipulated Final Judgment and Order;" the Court having had the opportunity to review the stipulation; and upon the Court's findings that there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the Judgment;

IT IS HEREBY ORDERED that the Stipulated Final Judgment and Order shall become the Final Judgment and Order of this Court. The Final Judgment is hereby entered, and the Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: October 15, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE