vWILKE FLEURY LLP
MATTHEW W. POWELL (SBN 114563)
mpowell@wilkefleury.com
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
AARON R. CLAXTON (SBN 314822)
aclaxton@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone:   (916) 441-2430
Facsimile:    (916) 442-6664

Attorneys for Plaintiffs James Van Dyke, in his individual capacity, and James Van Dyke and Connie Jerome as the Trustees of the Van Dyke's Rice Dryer Profit Sharing Plan

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROBERT SCOTT BARNACK,<br><br>　　　　Debtor.<br><br>―――――――――――――<br><br>CONNIE JEROME, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT SCOTT BARNACK, an Individual,<br><br>　　　　Defendant. | No. 2:19-cv-00073-MCE-DB<br><br>**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION OF JUDGMENT DEBTOR ROBERT SCOTT BARNACK AND REQUEST FOR PRODUCTION OF THE DOCUMENTS PRIOR TO DEBTOR'S EXAMINATION**<br><br>Date: May 21, 2021<br>Time: 9:30 a.m.<br>Courtroom: 27<br>Judge: Hon. Deborah Barnes |

1    The United States District Court for the Eastern District of California, Hon. Morrison C. England, entered a Stipulated Judgment ("Judgment") against Defendant Robert Scott Barnack on October 15, 2019 in the above-referenced action. The District Court retained jurisdiction for purposes of enforcing the Judgment. Robert Scott Barnack ("Barnack") has defaulted on the Judgement by failing to make the payments due on March 31, 2020, June 30, 2020, September 30, 2020, December 31, 2020 and March 31, 2021.  Accordingly, Plaintiffs James Van Dyke, in his individual capacity, and James Van Dyke and Connie Jerome as the Trustees of the Van Dyke's Rice Dryer Sharing Plan ("Plaintiffs") hereby apply to the Court ex parte for an Order for Appearance and Examination of Barnack. Plaintiffs request that Barnack be required to appear before this Court and furnish information to aid in the enforcement of the Judgment.  Barnack resides within 150 miles of this Court. Barnack has not filed a notice of appeal. An Order of Examination of Barnack is necessary to allow Plaintiffs to enforce the Judgement entered in their favor in the amount of two million, five hundred thousand dollars ($2,500,000), of which two million, one hundred ten thousand dollars ($2,110,000) remains outstanding and unpaid. Plaintiffs request that Barnack be ordered to appear for a debtor's examination via Zoom conference on May 21, 2021 at 9:30 a.m. Plaintiffs further request that Barnack be ordered to produce the documents referenced below on or before May 11, 2021.

**Pursuant to this Court's directive, in light of the COVID-19 pandemic, this Judgement Debtor's Examination will be conducted via Zoom videoconference. To participate in the Zoom video conference, the Court and the Judgement Debtor may use the following link:**

**https://us02web.zoom.us/j/9055788811?pwd=TUZaWXVYSFBwanhuL05wOUx2dkd4QT09**

Meeting ID: 905 578 8811 / Passcode: 9m6MdV **(Enter this passcode when prompted).**

**Alternatively, the Judgment Debtor may go directly to www.zoom.com, select "Join a Meeting"**

**and enter the above Meeting ID and Passcode.**

**You will need access to a computer or a laptop containing a camera and microphone. You should contact counsel for Plaintiffs to the extent you have any questions regarding participating in the Judgement Debtor's Examination via Zoom video conference in advance**

of the Judgement Debtor's Examination.

/ / /

In connection with this application, Plaintiffs hereby request that Barnack produce the following documents for inspection prior to his debtor's examination.[1]

1. All documents identifying real property, personal property and intellectual property, including, but not limited to, homes, vehicles, boats, computers, bank accounts, savings and loan accounts, credit union accounts, brokerage accounts, retirement accounts, PayPal accounts, life insurance policies, annuities, bank deposit boxes, securities, security interests, cash, accounts receivable, and any other property Barnack is entitled to receive from third-parties, as well as any other assets owned or controlled by Barnack. Such documents, shall include, without limitation, the location of any and all property and assets of Barnack.

2. All documents identifying real property, personal property, and intellectual property, including, but not limited to, homes, vehicles, boats, computers, bank accounts, savings and loan accounts, credit union accounts, brokerage accounts, annuities, bank deposit boxes, securities, security interests, cash, accounts receivable, and any other property Balance Point Retirement Analytics, LLC is entitled to receive from third-parties, as well as any other assets owned or controlled by Balance Point Retirement Analytics, LLC. Such documents, shall include, without limitation, the location of any and all property and assets of Balance Point Retirement Analytics, LLC.

3. All documents identifying real property, personal property, and intellectual property, including, but not limited to, homes, vehicles, boats, computers, bank accounts, savings and loan accounts, credit union accounts, brokerage accounts, annuities, bank deposit boxes, securities, security interests, cash, accounts receivable, and any other property Double Diamond Holdings, LLC is entitled to receive from third-parties, as well as any other assets owned or controlled by Double Diamond Holdings, LLC. Such information and documents, shall include, without limitation, the location of any and all property and assets of Double Diamond Holdings, LLC.

---

[1] Documents has the definition in Rule 34 of the Federal Rules of Civil Procedure.

4. All tax returns filed by Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC with any Federal, State or Local Tax authority from January 1, 2012 through the present.

5. All accounting records of Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC reflecting transactions for the period from January 1, 2012 through the present, including, but not limited to documents identifying accounts payable, deposit receipts and accounts receivable, along with, payroll records, financial statements, general ledgers, and journal entries.

6. All financial records for bank, brokerage or other financial institution accounts owned or controlled, in whole or in part, by Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC reflecting transactions for the period from January 1, 2012 through the present.

7. All documents relating to checking accounts maintained by Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC, including but not limited to, checkbooks, checkbook stubs, cancelled checks, checkbook entries, passbooks and account statements reflecting deposits, withdraws and transfers for the period from January 1, 2012 through the present.

8. Any contracts, judgments, liens, settlement agreements or any other documents pursuant to which another party has agreed to pay money to Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC, during the period from January 1, 2012 through the present.

9. All documents relating to real estate holdings by Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC, including but not limited to, trust deeds, grand deeds, mortgages, promissory notes, corporate records, partnership records, limited liability company records, shares, certificates, or units in such real estate holdings during the period from January 1, 2012 through the present.

10. All debit and credit card statements of Barnack, Balance Point Retirement Analytics, LLC, or Double Diamond Holdings, LLC. reflecting purchases, refunds and payments during the

period from January 1, 2012 through the present.

11. Any W-2 forms received by Barnack from January 1, 2012 through the present.

/ / /

/ / /

12. Any 1099 statements received by Barnack, in his individual capacity or any other capacity, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC for services rendered or work performed during the period from January 1, 2012 through the present.

13. Any K-1 statements received by Barnack, in his individual capacity or any other capacity, compensations, distributions or any other monetary payments received during the period from January 1, 2012 through the present.

14. Any documents evidencing property held by Barnack in pawn at the present time.

15. All partnership certificates, articles of incorporation, articles of organization and trade name certificates filed by Barnack, in his individual or any other capacity, during the period from January 1, 2005 through the present.

16. Any documents evidencing any contracts or agreements entered into by Barnack under which Barnack is entitled to receive presently, or at any future time, any compensation of any kind including, but not limited to, personal property, real property, commissions, salaries, rents or an assignment of receivables, rents or profits.

17. All documents referring or relating to the transfer of money into or out of any accounts owned or controlled, in whole or in part, by Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC, including, but not limited to, wire transfers, checks, cash, payments or withdrawals from January 1, 2012 through the present.

18. All documents referring or relating to any wire transfers into any account owned or controlled, in whole or in part, by Barnack, Balance Point Retirement Analytics, LLC or Double Diamond Holdings, LLC, with information sufficient to identify the source of the wire transfers from January 1, 2012 through the present.

19. All documents referring or relating to any wire transfers out of any account owned or controlled, in whole or in part, by Barnack, Balance Point Retirement Analytics, LLC or Double

1  Diamond Holdings, LLC, with information sufficient to identify the recipient(s) of the wire
2  transfers.

3      20.    All documents referring or relating to any person or organization that wired money
4  into any accounts owned or controlled, in whole or in part, by Barnack, Balance Point Retirement
5  Analytics, LLC or Double Diamond Holdings, LLC.

6      21.    All documents referring or relating to any person or organization that received wire
7  transfers from any accounts owned or controlled, in whole or in part, by Barnack, Balance Point
8  Retirement Analytics, LLC or Double Diamond Holdings, LLC.

9      22.    All documents referring or relating to any person or organization that received money
10 withdrawn from any accounts owned or controlled, in whole or in part, by Barnack, Balance Point
11 Retirement Analytics, LLC or Double Diamond Holdings, LLC.

12     23.    All documents referring or relating to any person or organization that deposited
13 money into any accounts owned or controlled, in whole or in part, by Barnack, Balance Point
14 Retirement Analytics, LLC or Double Diamond Holdings, LLC.

15     24.    All documents referring or relating to any of the following entities: BAYCO MA,
16 DAVIS EN, DAXCO3, DAXCO6, EMERY EN, LIEPER CAP, LIEPER CAP2, POLK RES,
17 PRINCIPAL P, or PRINCIPAL P2.

18     25.    All documents referring or relating to any communications between Barnack and
19 Double Diamond Holdings, LLC.

20     26.    All documents referring or relating to any communications between Barnack and
21 Nancy Brown.

22     27.    All documents referring or relating to any communications between Barnack and
23 Joan Meisner.

24     28.    All documents referring or relating to any communications between Balance Point
25 Retirement Analytics, LLC and Double Diamond Holdings, LLC.

26     29.    All documents referring or relating to any communications between Balance Point
27 Retirement Analytics, LLC and Nancy Brown.

28     30.    All documents referring or relating to any communications between Balance Point

Retirement Analytics, LLC and Joan Meisner.

31. All documents referring or relating to any communications between Barnack and any regulatory agency (i.e. United States Department of Justice, United States Securities and Exchange Commission, California Department of Business Oversight, etc.) referring or relating to Balance Point Retirement Analytics, LLC.

32. All documents referring or relating to any communications between Barnack and any regulatory agency (i.e. United States Department of Justice, United States Securities and Exchange Commission, California Department of Business Oversight, etc.) referring or relating to Barnack.

33. All documents referring or relating to any communications between Barnack and Thomas Joseph Keating, Jr.

34. All documents referring or relating to any communications between Balance Point Retirement Analytics, LLC and Thomas Joseph Keating, Jr.

35. All documents referring or relating to wire transfers from any Balance Point Retirement Analytics, LLC accounts to Thomas Joseph Keating, Jr.

36. All documents referring or relating to money withdrawn from any Balance Point Retirement Analytics, LLC accounts and paid to Thomas Joseph Keating, Jr.

37. All documents referring or relating to any communications between Barnack and Marilyn Catherine Barnack Keating.

38. All documents referring or relating to wire transfers from any Balance Point Retirement Analytics, LLC accounts to Marilyn Catherine Barnack Keating.

39. All documents referring or relating to money withdrawn from any Balance Point Retirement Analytics, LLC accounts and paid to Marilyn Catherine Barnack Keating.

40. All documents referring or relating to communications between Barnack and certain professional consultants including Acceleration Retirement, eMONEY Advisor, Performance Technology, PT Services Group, 401k Coach Program and TradeWarrior.

41. All documents referring or relating to communications between Barnack and Miracomm Holdings LTD and any person or organization contacted as a result of information

1  received from Miracomm Holdings LTD.

2      42.    All documents referring or relating to the governance of Balance Point Retirement
3  Analytics, LLC, including, but not limited to the operating agreement and any records of meetings.
4      43.    All documents referring or relating to the governance of Double Diamond Holdings,
5  LLC, including, but not limited to the operating agreement and any records of meetings.
6  / / /
7  Plaintiffs request that Barnack produce the documents described above to Matthew W. Powell at
8  Wilke Fleury LLP, 400 Capitol Mall, 22nd Floor Sacramento, California 95814 on or before May
9  11, 2021.
10  DATED:  April 1, 2021                        WILKE FLEURY LLP

By: _____
MATTHEW W. POWELL
Attorneys for Plaintiffs James Van Dyke, in his individual capacity, and James Van Dyke and Connie Jerome as the Trustees of the Van Dyke's Rice Dryer Profit Sharing Plan

**ORDER ON THE FOLLOWING PAGE**

**ORDER TO APPEAR FOR EXAMINATION AND PRODUCE DOCUMENTS**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. **Judgement Debtor Robert Scott Barnack ("Barnack") is ordered to appear via Zoom video conference on May 21, 2021 at 9:30 a.m.**

2. At that time, Barnack shall furnish information to aid in the enforcement of the Judgement by answering questions that could lead to the discovery of real or personal property, or other assets that could be used to satisfy the Judgment.

3. **Pursuant to this Court's directive, in light of the COVID-19 pandemic, this Judgement Debtor's Examination will be conducted via Zoom video conference. To participate in the Zoom video conference, the Judgement Debtor may use the following link: https://us02web.zoom.us/j/9055788811?pwd=TUZaWXVYSFBwanhuL05wOUx2dkd4QT09**

Meeting ID: 905 578 8811 / Passcode: 9m6MdV **(Enter this passcode when prompted).**

**Alternatively, the Judgment Debtor may go directly to www.zoom.com, select "Join a Meeting"**

**and enter the above Meeting ID and Passcode.**

4. **You will need access to a computer or a laptop containing a camera and microphone. You should contact counsel for Plaintiffs to the extent you have any questions regarding participating in the Judgement Debtor's Examination via Zoom video conference in advance of the Judgement Debtor's Examination.**

5. In addition to appearing, Barnack is ordered to produce the documents described above on or before **May 11, 2021**. The originals of the documents requested shall be produced to Plaintiffs' counsel, Matthew W. Powell at Wilke Fleury LLP, 400 Capitol Mall 22nd Floor Sacramento, California 95814 on or before **May 11, 2021**, unless Plaintiffs' counsel agrees that the documents may be produced in another format (i.e. copies) or by another method (i.e. email or overnight delivery).

6. Plaintiffs must serve this Order on Barnack personally no less than ten (10) days before the date set for the examination and must file a certificate of such service with the Court:

/ / /

1  / / /

2      7.    **NOTICE TO ROBERT SCOTT BARNACK. IF YOU FAIL TO APPEAR AS SPECIFIED IN THIS ORDER, YOU MAY BE SUBJECT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT AND THE COURT MAY MAKE AN ORDER REQUIRING YOU TO PAY THE REASONABLE ATTORNEY'S FEES INCURRED BY THE JUDGMENT CREDITOR IN THIS PROCEEDING.**

IT IS SO ORDERED.

DATED: April 5, 2021                /s/ DEBORAH BARNES
                                          UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\jerome0073.jde3.ord