UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE JEROME, et al., | No. 2:19-cv-0073 MCE DB |
| Plaintiffs, | |
| v. | ORDER AND CERTIFICATION OF FACTS |
| ROBERT SCOTT BARNACK, an Individual, Julia | |
| Defendant. | |

On August 20, 2021, this matter came before the undersigned for an order to show cause hearing, with respect to the repeated failure of defense counsel Julia Young and judgment debtor Robert Scott Barnack to comply with the orders of this court. Attorney Matthew Powell appeared via Zoom on behalf of plaintiffs. Although attorney Young and Barnack were each ordered to appear at the order to show cause hearing, only attorney Young appeared via Zoom.[1] Oral argument was heard and the matter taken under submission.

////

////

---

[1] At the August 20, 2021 hearing attorney Young represented that she did not know Barnack's appearance was required. The undersigned's June 16, 2021 order could not have been clearer. (ECF No. 43 at 2.)

1

BACKGROUND

On October 15, 2019, the assigned District Judge entered a stipulated final judgment and order against judgment debtor Robert Barnack in the amount of $2,500,000. (ECF No. 15.) October 19, 2020, the undersigned issued an order ordering Barnack to produce documents and appear for a judgment debtor examination on January 22, 2021, to be conducted via Zoom. (ECF No. 29.) Barnack did neither, failing to produce responsive documents and failing to appear for the judgment debtor examination. (ECF No. 31.) Attorney Young confirmed that Barnack was aware of the judgment debtor examination but notified her the morning of the examination that he was unavailable and out of town. (ECF No. 32 at 1.) Accordingly, on January 26, 2021, the undersigned issued the first order to show cause. (Id.)

On February 2, 2021, attorney Young filed a declaration on behalf of Barnack. (ECF No. 33.) Therein, Barnack stated that he was "under the mistaken belief" that because he had given attorney Young a check for $20,000 to be paid to the judgment creditor on "January 18, 2021," that the judgment debtor examination was somehow "off calendar." (Id. at 2.) On March 5, 2021, the parties appeared at the order to show cause hearing. (ECF No. 34.) Although the undersigned found the judgment debtor's justifications less than credible, the undersigned nonetheless discharged the order to show cause after receiving assurances from Barnack that he would comply with the court's orders going forward. (Id.; ECF No. 41 at 2.)

Accordingly, on April 6, 2021, the undersigned issued another order ordering Barnack to appear for a judgment debtor examination and to produce documents. (ECF No. 36.) Once again, Barnack failed to produce responsive documents, this time apparently attempting to evade service of process. (ECF No. 41 at 2.) Accordingly, on May 20, 2021, the undersigned issued the second order to show cause, again requiring Barnack to produce responsive documents and appear for a judgment debtor examination. (Id.)

For a third time Barnack failed to produce responsive documents. (ECF No. 42.) Accordingly, the undersigned issued a third order to show cause on June 16, 2021. (ECF No. 43.) Pursuant to that order Barnack was to produce responsive document by July 2, 2021, and sit for a judgment debtor examination on July 23, 2021. (Id. at 2.) Moreover, on or before July 30, 2021,

attorney Young and Barnack were to "show cause in writing as to why they should not be sanctioned for repeatedly failing to comply with the orders of this court." (Id.)

Although the order issued on June 16, 2021, threatened both attorney Young and Barnack with sanctions and imprisonment, Barnack failed to produce responsive documents and neither attorney Young nor Barnack filed a response to that order. (Id. at 2; ECF No. 44.) Moreover, that order ordered the appearance of both attorney Young and Barnack at the August 20, 2021 order to show cause hearing. (ECF No. 43 at 2.)

Barnack, however, did not appear at the August 20, 2021 hearing. At that hearing the parties represented that Barnack had, the day before the August 20, 2021 hearing, made a production. The parties, however, disagreed as to how complete the production was, with the plaintiffs characterizing the production as not substantially complying with the court's prior orders.

**A.     Conduct of Attorney Young**

With respect to attorney Young's conduct, as recounted above, attorney Young has repeatedly failed to comply with the orders of this court. Despite repeated orders to show cause, the last document filed by attorney Young was on February 2, 2021. Attorney Young has made no effort to file documents explaining the efforts undertaken to comply with the court's orders, has never sought an extension of time to comply with any orders, and has essentially taken no action to respond to orders of this court, plaintiffs' filings, or to assist the court in obtaining the compliance of her client. Even in the absence of this history, at a minimum attorney Young was ordered to show cause in writing by July 30, 2021, and disregarded that order. (ECF No. 43 at 2.) That conduct alone justifies a monetary sanction against attorney Young.

Accordingly, attorney Young will be sanctioned in the amount of $500.[2] See Grimes v. City & Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) ("magistrates may impose

---

[2] The undersigned contemplated a much larger sanction against attorney Young. However, the undersigned settled on the amount above in light of plaintiffs' representation that they were not seeking sanctions against attorney Young because attorney Young "has maintained a professional approach" with plaintiffs' counsel. (ECF No. 46 at 4.) It is the undersigned's sincere hope that attorney Young will display that professionalism in this action by being responsive to the court's orders. Attorney Young is cautioned that any future sanction will be considerably larger.

prospective sanctions pursuant to Rule 37"); Maisonville v. F2 Am., Inc., 902 F.2d 746, 747 (9th Cir.1990) ("magistrate had jurisdiction to order Rule 11 sanctions"); Sapan v. SolarMax Technology, Inc., No. 15cv897 MMA MDD, 2015 WL 6128425, at *2 (S.D. Cal. Oct. 16, 2015) ("magistrate judges have the authority to sanction attorneys").

**B.     Conduct of Robert Barnack**

With respect to the conduct of Robert Barnack, as recounted above, Barnack has repeatedly disobeyed orders of this court. At the August 21, 2021 hearing the parties represented that Barnack finally made a production of responsive documents prior to that hearing. That production occurred only after Barnack repeatedly failed to make prior productions as ordered, was untimely, and according to plaintiffs' counsel did not substantially comply with the discovery requests and the undersigned's orders. Even attorney Young conceded at the August 21, 2021 hearing that the documents produced by Barnack would not have taken much time to obtain and expressed surprise at how long it took Barnack to produce them. Moreover, Barnack has repeatedly failed to sit for a judgment debtor examination as ordered.

"A district court has the power to adjudge in civil contempt any person who [ ] disobeys a specific and definite order of the court." Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir. 1984). "Intent is not an issue in civil contempt proceedings. The sole question is whether a party complied with the district court's order." Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983) (internal citations omitted). "Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance." Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983).

"'The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002) (quoting F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). Here, the record clearly and convincingly establishes that Robert Barnack engaged in multiple violations of definite orders of

this court by failing to make a timely and complete production of documents, failing to sit for a judgment debtor examination, failing to show cause in writing as to why he should not be sanctioned, and by failing to appear at the August 20, 2021 hearing.  See In re Grand Jury Proceedings, 801 F.2d 1164, 1166-70 (9th Cir. 1986) (per curiam) (affirming contempt order for failure to comply with subpoena); Baker v. Limber, 647 F.2d 912, 919 (9th Cir. 1981) ("A judgment-debtor's refusal to answer questions in a Rule 69 proceeding normally would justify a court's exercise of its contempt power.").

Pursuant to the recalcitrant witness statute:

> Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information.

28 U.S.C. § 1826(a); see also Invesco High Yield Fund v. Jecklin, --- F.4th ---, ---, 2021 WL 3745771, at *4 (9th Cir. 2021) (affirming civil contempt order and arrest warrant because "§1826(a) applies to a refusal to produce post-judgment discovery"); Martin-Trigona v. Gouletas, 634 F.2d 354, 356 (7th Cir. 1980) (affirming order finding judgment debtor in contempt for refusal to answer and ordering confinement "until he answered the questions").

However, "only a district court may hold a party in contempt[.]" On Command Video Corp. v. LodgeNet Entertainment Corp., 976 F. Supp. 917, 921 (N.D. Cal. 1997).  "28 U.S.C. § 636, which governs the jurisdiction and powers of magistrates, requires a magistrate to refer contempt charges to a district court judge." Grimes, 951 F.2d at 240; see also 28 U.S.C. § 636 (e)(6) ("the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified"); U.S. v. Ritte, 558 F.2d 926, 927 (9th Cir. 1977) (per curiam) ("contemptuous acts

////

5

committed in the presence of a magistrate or related to proceedings before a magistrate must be referred to a district judge for adjudication").

The undersigned, therefore, will certify the below facts to the assigned District Judge to determine why Barnack should not be adjudged in contempt and imprisoned until Barnack provides a complete production of documents and cooperates in a judgment debtor examination.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Attorney Young shall pay sanctions in the amount of $500. This sanction shall be paid by attorney Young solely and not by her client. Counsel shall send a check payable to the Clerk of Court for the Eastern District of California within fourteen days of the date of this order; and

2. Robert Barnack shall appear by Zoom Videoconference on **September 30, 2021,** at **11:00 a.m.** before the Honorable Morrison C. England to show cause why Barnack should not be adjudged in contempt by reason of the facts so certified below.

Also, pursuant to 28 U.S.C. § 636(e)(6), the undersigned HEREBY CERTIFIES the following facts to the assigned District Judge to consider whether Robert Barnack should be adjudged in contempt:

1. On October 19, 2020, the undersigned issued an order ordering Robert Barnack to produce responsive documents on or before December 15, 2020, and to appear for a judgment debtor examination on January 22, 2021. (ECF No. 29.) Robert Barnack did not produce responsive documents and did not appear at the January 22, 2021 judgment debtor examination. (ECF No. 31.)

2. On April 6, 2021, the undersigned issued an order ordering Robert Barnack produce responsive documents on or before May 11, 2021, and to appear for a judgment debtor examination on May 21, 2021. (ECF No. 36 at 9.) Robert Barnack did not produce responsive documents. (ECF No. 40.) Timely and complete production of the responsive documents is necessary for the judgment debtor examination. (ECF No. 39 at 6.)

////

////

3. The May 21, 2021 judgment debtor examination was continued to June 18, 2021. (ECF No. 41.) Barnack was ordered to produce responsive documents by June 7, 2021. (Id. at 2.) Barnack again failed to produce responsive documents. (ECF No. 42.)

4. On June 16, 2021, Barnack was ordered to produce responsive documents by July 2, 2021. (ECF No. 43 at 2.) The judgment debtor examination was continued to July 23, 2021. (Id.) Again, Barnack failed to produce responsive documents as ordered. (ECF No. 45.)

/     5. The June 16, 2021 order ordered Barnack to show cause in writing by July 30, 2021, as to why Barnack should not be sanctioned for repeatedly failing to comply with the orders of this court. (Id.) Barnack did not show cause in writing.

6. Barnack was ordered to appear before the undersigned on August 20, 2021. (Id.) Barnack did not appear. (ECF No. 47.)

7. The undersigned has issued multiple orders warning Barnack that failing to timely produce responsive documents and/or failing to sit for a judgment debtor examination could result in monetary sanctions and imprisonment. (ECF Nos. 32, 41, & 43.) Despite these warnings, Barnack repeatedly failed to comply with the orders of this court.

Dated: August 30, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/jerome0073.oah.082021

7