UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE JEROME, et al., | No. 2:19-cv-0073 MCE DB |
| Plaintiffs, | |
| v. | ORDER |
| ROBERT SCOTT BARNACK, an Individual, Julia | |
| Defendant. | |

On March 24, 2023, this matter came before the undersigned for hearing of plaintiffs' motion requesting authorization to serve subpoenas on Mary Clare Barnack, Meredith Barnack, and Clayton Barnack. Attorney Matthew Powell appeared via Zoom on behalf of plaintiffs. Attorney Julia Young appeared via Zoom on behalf of defendant Robert Scott Barnack. For the reasons stated at the March 24, 2023 hearing and in the parties' briefing, plaintiffs' motion will be granted. Moreover, the undersigned finds attorney Young's conduct worrisome.

In this regard, attorney Young's opposition argues, in part, that plaintiffs' motion violates the privacy rights of Mary Clare Barnack, Meredith Barnack, and Clayton Barnack. (Def.'s Opp.'n (ECF No. 95) at 2.) At the March 24, 2023 hearing, however, attorney Young appeared only on behalf of defendant Robert Barnack. And attorney Young has previously appeared before this Court and "stated she does not represent" Mary Claire Barnack, "she represents Robert Scott

1

Barnack." James Van Dyke, et al. v. Balance Point Retirement Analytics, LLC., No. 2:18-cv-2531 MCE DB, ECF No. 25.

If attorney Young had legal authority for the proposition that attorney Young could assert the privacy rights of individuals other than her client, no such authority was found in defendant's opposition.  In fact, defendant's opposition is devoid of any legal authority.  And at the March 24, 2023 hearing, attorney Young conceded that plaintiffs' counsel "has the right to do this" with respect to the subpoenas sought. Attorney Young opposed something she knew to be legally proper by way of an opposition devoid of any legal authority.  The decision to force plaintiffs and the Court to expend time and resources is questionable at best.

Moreover, attorney Young's opposition attempts to criticize plaintiffs' actions in seeking to legally enforce their judgment—a judgment attorney Young's client stipulated to.  (ECF No. 15.)  For example, attorney Young argues that it is "baffling . . . why anyone would spend $400,000 on legal fees for a return of $390,000 when the obvious course of action would be to immediately go to law enforcement."  (Def.'s Opp.'n (ECF No. 95) at 5.)  Attorney Young also accuses plaintiffs of "stalking Mary Barnack," and having "an ongoing hatred of Mr. Barnack[.]"  (Id.)  Those allegations are both serious and essentially unsupported.

Attorney Young also, apropos of nothing, questions the conduct of the Placer County Sheriff for not "immediately" going to Mr. Barnack's residence to arrest him on a criminal warrant.  (Def.'s Opp.'n (ECF No. 95) at 5.)  This is confusing given that attorney Young's client knowingly avoided the bench warrant issued by the assigned District Judge for several months.  (ECF No. 53.)

The undersigned will not sanction attorney Young again, at this time.[1]  (ECF No. 48.)  In the future, however, oppositions filed before the undersigned shall contain some legal authority.  And any allegations concerning the personal conduct of the parties, or their counsel, shall be

---

[1] The undersigned previously sanctioned attorney Young $500 for repeatedly failing to comply with the orders of this court.  (ECF No. 48.)  The undersigned had considered a greater amount but reduced the sanction in light of the representation of plaintiffs' attorney Mr. Powell that attorney Young had maintained a professional approach with plaintiffs' counsel.  Despite that, at the March 24, 2023 hearing, attorney Young accused attorney Powell of engaging in harassing conduct by seeking these subpoenas.

solely circumscribed to what is necessary and supportable by evidence. Failure to comply with Court orders will result in sanctions.

## CONCLUSION

For the reasons stated at the March 24, 2023 hearing, and in the parties' briefing, IT IS HEREBY ORDERED that plaintiffs' January 18, 2023 motion to serve subpoenas (ECF No. 92) is granted.

Dated: March 27, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/jerome0073.oah.032423